```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          17-CV-0194 (RRM)(CLP)
-------------------------------------------------------X
MARIO BERTHELY,
         Plaintiff,
     v.                                                PLAINTIFF'S
THE CITY OF NEW YORK,                                  FIRST AMENDED
NEW YORK CITY POLICE OFFICER                           COMPLAINT
DAVID GRIECO, 75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE NUMBER ONE, 75th Precinct
                              75th Precinct,
         Defendants.
-----------------------------------------------------X
```

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, MARIO BERTHELY, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C Section 1367(a), over any and all State claims and as against all parties that are so related to claims in

this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, MARIO BERTHELY, is a United States Citizen and resident of the United States, and is and at all times relevant, a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER DAVID GRIECO, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, upon information and belief, all of the 75th Precinct, are at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER DAVID GREICO, NEW YORK CITY POLICE OFFICER JOHN DOE, and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE are sued individually and in their official capacities. At all times relevant Defendants NEW YORK CITY POLICE OFFICER DAVID GREICO, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants NEW YORK CITY POLICE OFFICER DAVID GRIECO, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE

OFFICER JOHN DOE NUMBER ONE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a P0olice Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named party, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry our all police functions for Defendant CITY OF NEW YORK, and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers

## STATEMENT OF FACTS

### First Incident

11. On February 19, 2016 at approximately at approximately 4:45 p.m. the Plaintiff was inside the first floor apartment of 369 Euchlid Avenue in Brooklyn, New York with several friends when members of THE NEW YORK CITY POLICE DEPARTMENT, including named Defendants NEW YORK CITY POLICE OFFICER DAVID GRIECO and NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE and several other members of THE NEW YORK CITY POLICE DEPARTMENT, knocked on the door. As the Plaintiff's friend began to open the door the named Defendant Officers pushed it fully open and entered the apartment. The named Defendant Officers, who were all in plain clothes, proceeded to tell the

3

Plaintiff and the other people inside the apartment that they received a complaint. Defendant NEW YORK CITY POLICE OFFICER DAVID GRIECO proceeded to handcuff the Plaintiff and physically searched him, causing extreme pain to Plaintiffs' left wrist which had been previously injured. As the Plaintiff was being arrested he observed the other people inside the apartment being handcuffed and searched by members of THE NEW YORK CITY POLICE DEPARTMENT. Upon, and after the entry of the Officers, the Plaintiff and the other people in the apartment repeatedly asked the officers if they had a search warrant, but no search warrant was produced. The Plaintiff was subsequently transported to the 75th Precinct, where he was subjected to a strip search by named Defendant Officers NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE. The Plaintiff's phone, keys and money were seized by the named Defendant Officers and were not returned to the Plaintiff until he was released from custody approximately ten hours later, at approximately 5:00 a.m. the next day.

## FIRST FEDERAL CLAIM

**Violation of rights Secured by Section 42 U.S.C 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force**

12. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, on February 19, 2016 the conduct of Defendant NEW YORK CITY POLICE OFFICER DAVID GRIECO, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force in effectuating the arrest of the Plaintiff without lawful reason or cause.

14. That the actions of Defendant, NEW YORK CITY POLICE OFFICER DAVID GRIECO occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE

4

DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CAUSE OF ACTION

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

15. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, on February 19, 2016 the conduct of Defendant, NEW YORK CITY POLICE OFFICER DAVID GRIECO, resulted in the false arrest of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CAUSE OF ACTION

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Search and Seizure**

17. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Sixteen (16) as if fully set forth herein.

18. Upon information and belief, on February 19, 2016 the conduct of Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE resulted in the unlawful search of Plaintiff without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

/S/

_____

Dated: January 14, 2019
New York, NY

**Via ECF**

VICTOR M. BROWN, ESQ.
(VB-5289)
11 Park Place, Suite 1100
New York, NY 10007
(212) 227-7373